UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

GUY FLUMMERFELT,

    Defendant.
_____/

Case No. 18-cv-11699

HON. MARK A. GOLDSMITH

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 17) AND SETTING ASIDE DEFAULT (Dkt. 15)

This matter is before the Court on Plaintiff Malibu Media LLC's motion for default judgment (Dkt. 17). Defendant Guy Flummerfelt filed a response (Dkt. 20), and Plaintiff's time to file a reply has expired, see 2/5/2019 Order (Dkt. 21). In his response, Flummerfelt explains that he responded directly to Plaintiff's attorney refuting the allegations following his receipt of the complaint; Flummerfelt filed that response, which functions as an answer, on the docket after Plaintiff filed the motion for default judgment. See 1/22/2019 Answer (Dkt. 19).

The factors for determining whether a court should set aside a default and allow a case to proceed are informative in this case, in which an entry of default has occurred but no judgment has entered. See Flathead-Michigan I, LLC v. Peninsula Development, LLC, No. 09-14043, 2011 WL 891191, at *1 (E.D. Mich. Feb. 18, 2011) ("[T]he factors to be considered in a Rule 55(b)(2) motion are in accord with those a court considers when deciding whether to set aside an entry of default under Rule 55(c)."). Those factors are: "1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default." Raimondo v. Village of Armada, 197 F. Supp. 2d 833, 837

1

(E.D. Mich. 2002) (internal citations omitted). "Resolution of a case on the merits is preferable to default judgment." Metro Sun Consultant Corp. v. Bayview Title Agency LLC, No. 18-13054, 2019 WL 1002492, at *2 (E.D. Mich. Feb. 28, 2019) (citing Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990)).

Here, Plaintiff has not shown any prejudice by the delay in filing the answer; indeed, it was not until the Court issued its own order to show cause (Dkt. 13) that Plaintiff sought the entry of default. As such, Plaintiff cannot complain that Flummerfelt has been dilatory in filing pleadings. Flummerfelt has also presented a defense in his answer, claiming that he merely viewed the videos in question rather than downloading, copying, or distributing them. Thus, the first two factors weigh in favor of denying Plaintiff's motion. As to the third factor, "when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." Raimondo, 197 F. Supp. 2d at 837. It is clear from Flummerfelt's response that he was unfamiliar with the proper way to respond to Plaintiff's amended complaint. The response states that he "responded to [Plaintiff's attorney] on 1 October with a letter refuting the allegations made against me." Def. Resp. (Dkt. 20). Unfamiliarity with court procedures cannot be characterized as a willful failure to appear.

For these reasons, Plaintiff's motion for default judgment (Dkt. 17) is denied. Because the same analysis governs the setting aside of a clerk's entry of default, the Court also sets aside the entry of default.

SO ORDERED.

Dated: April 3, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2019.

                                                                        s/Karri Sandusky
                                                                         Case Manager